IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:21-cv-207

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 and FAY SERVICING, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL GENERAL INSURANCE COMPANY D/B/A NATIONAL GENERAL INSURANCE,<br><br>Defendant. | **COMPLAINT** |

NOW COME Plaintiffs Wilmington Trust, National Association, not in its individual capacity but solely as Trustee for MFRA Trust 2014-2 and Fay Servicing, LLC and allege as their complaint against the Defendant the following:

## PARTIES

1. Wilmington Trust, National Association is a federally chartered national bank that has its principal place of business located in Wilmington, DE and is named herein not in its individual capacity, but solely as Trustee for MFRA Trust 2014-2 ("the Trust").

2. Plaintiff Fay Servicing, LLC ("Fay") is a limited liability company organized and existing under the laws of the State of Delaware that has its principal place of business located in the State of Illinois.

3. Defendant National General Insurance Company ("National General") is a duly formed insurance corporation exiting by virtue of the laws of the State of Missouri that has its principal place of business located in Winston-Salem, North Carolina.

## JURISDICTION

4. As shown below, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 on the grounds that it is an action between parties of different states and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391 on the grounds that the Defendant resides within this District and is subject to this Court's personal jurisdiction.

## FACTS

6. On or about March 18, 2008 Palwinder Singh ("Singh") borrowed the original principal amount of Eight Hundred Forty Two Thousand, Eighty Dollars ($842,080.00) by means of a promissory note originally payable to Bank of America, N.A. ("the Note").

7. As security for the repayment of the Note, Singh conveyed a deed of trust of real property located in Great Falls, VA known to have a street address of 817 Walker Road and described more particularly in a certain Substitute Trustee's Deed Dated December 17, 2007 recorded on December 19, 2007 in Deed Book 19710 at Page 623 of the land records of the Circuit Court of Fairfax County, Virginia ("the Property"), which deed of trust was itself recorded in Deed Book 19848 at Page 228 of the land records of the Circuit Court of Fairfax County, Virginia ("the Deed of Trust"). A true and accurate copy of the Deed of Trust is attached hereto as Exhibit A and incorporated herein.

8. Section 5 of the Deed of Trust obligated Singh to obtain and maintain insurance on the Property "against loss by fire, hazards included within the term 'extended coverage,' and any other

hazards including, but not limited to, earthquakes and floods…" Further, Section 5 of the Deed of Trust required that all policies and renewals of such policies "shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee."

9. By means of endorsement, the Trust became the holder in due course of the Note and was duly assigned all rights described afforded to the Lender named in the Deed of Trust as evidenced by a certain Assignment of Deed of Trust recorded in Deed Book 25259 at Page 1416 of the land records of the Circuit Court of Fairfax County, Virginia on or about November 29, 2017 ("the Assignment"). A true and accurate copy of the Assignment is attached hereto as Exhibit B and incorporated herein.

10. Fay is the servicer of the loan account of the debt evidenced by the Note and secured by the Deed of Trust on behalf of the Trust. In its capacity as loan servicer, Fay has authority to take actions with regard to the debt owed by Singh on behalf of the Trust including, but not limited to, making claims for insurance proceeds in the event of the loss or destruction of the Property.

## COUNT I – BREACH OF CONTRACT

11. Plaintiffs incorporate all foregoing paragraphs as if set forth fully herein.

12. National General issued a policy of insurance to Singh insuring the Property against loss bearing Policy Number 2005979640 ("the Policy").

13. The Policy named Fay as a loss payee. As such, Fay and the Trust were intended third party beneficiaries of the Policy.

14. In the course and scope of servicing the loan account for the Trust, Fay managed an escrow account on behalf of Singh through which premiums for the Policy were paid.

15. Fay insured that premiums were timely and fully paid as billed by National General.

16. On or about May 12, 2020 the Property was damaged by fire.

17. Both the Trust and Fay had an insurable interest in the Property at the time of the May 12, 2020 fire.

18. Fay, in its role as loan servicer on behalf of the Trust, timely submitted a claim to National General. The claim was assigned Claim #200174693 ("the Claim").

19. National General failed to timely respond to the Claim. In fact, for a period of six months, between June and December 2020, National General failed to provide any response to the Claim at all. Instead National General demanded that Fay provide information unrelated to the condition of the Property regarding the loan including the loan payment history and foreclosure status.

20. National General's agents continued to represent to Fay that the Claim was under consideration and being investigated when suddenly, and without any prior warning, National General cancelled the Policy and refused to pay the Claim.

21. National General's refusal to pay the Claim was without justification or excuse.

22. National General's failure and refusal to pay the Claim to Fay and the Trust constitutes a breach of the terms and conditions of the Policy, and as the direct and proximate result of National General's breach, Fay and the Trust have been damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT II – NEGLIGENCE

23. Plaintiffs incorporate all foregoing paragraphs as if set forth fully herein.

24. At no time did National General provide Fay with a full and complete copy of the Policy or any application by Singh to obtain the Policy.

25. Prior to denial of the Claim, National General acknowledged that Fay was named a loss payee under the Policy.

26. As the designated loss payee, National General owed Fay and the Trust a duty of care in the administration of the Policy and review of claims made by Fay and the Trust.

27. National General cancelled the Policy allegedly based upon misrepresentations made by Singh in connection with his application for the Policy.

28. Neither Fay nor the Trust assisted Singh in applying for the Policy or had any actual knowledge of any alleged misrepresentations made by Singh prior to the cancellation of the Policy.

29. National General knew that neither Fay nor the Trust assisted Singh in applying for the Policy or had any actual knowledge of any alleged misrepresentations made by Singh, and National General failed to disclose alleged misrepresentations made by Singh prior to cancelling the Policy.

30. National General failed to acknowledge and act reasonably promptly with regard to communications from Fay with respect to the Claim.

31. National General failed to adopt reasonable standards for the prompt investigation of the Claim.

32. National General arbitrarily and unreasonably denied the Claim as to Fay and the Trust without adequate justification or excuse.

33. National General failed to affirm or deny coverage of the Claim within a reasonable time after proof of loss statements were completed.

34. National General did not attempt in good faith to make prompt, fair, and equitable settlement of the Claim as to Fay and the Trust.

35. Upon notification that the Policy had been cancelled, Fay, acting on behalf of the Trust, demanded that National General reconsider its determination as to Fay and the Trust. National General never responded to Fay's requests for reconsideration or provided any reasonable means of appeal of the denial of coverage for the Claim.

36. National General's failure and refusal to deal with Fay and the Trust in good faith unnecessarily compelled Fay and the Trust to commence litigation to obtain coverage and has forced them to incur additional damages including, but not limited to, attorney's fees and court costs.

37. National General failed to promptly provide a reasonable explanation of the basis in the Policy in relation to the Claim and applicable law for denial of the Claim and cancellation of the Policy as to Fay and the Trust.

38. National General's conduct as alleged herein and as may more fully be shown at trial constitutes unfair claim settlement practices in violation of Va. Code Ann. § 38.2-510, and National General violated the applicable standard of care owed by National General to Fay and the Trust.

39. As the direct and proximate result of National General's negligence, Fay and the Trust have been damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT III – NEGLIGENT MISREPRESENTATION

40. Plaintiffs incorporate all foregoing paragraphs as if set forth fully herein.

41. Fay was led to believe that by being named as loss payee of the Policy its interests, and the interests of the Trust on whose behalf Fay serviced, would be protected by the Policy in the event of a loss of the Property by fire by National General.

42. Fay relied upon the representations of National General by making premium payments on behalf of Singh from the escrow account maintained by Fay in connection with the loan.

43. Fay's reliance upon the representations of National General was reasonable.

44. Fay relied on the representations of National General to its detriment. Had National General informed Fay of alleged problems in Singh's application for the Policy, which were in the

exclusive knowledge of National General and were unknown to Fay or the Trust, Fay could have taken reasonable actions to protect its own interests including obtaining its own insurance coverage pursuant to the terms and conditions of the Deed of Trust.

45. Fay's failure to disclose its intention to cancel the Policy until after an actual loss suffered by fire to the Property directly and proximately caused damage to Fay and the Trust in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE Plaintiffs Wilmington Trust, National Association, not in its individual capacity but solely as Trustee for MFRA Trust 2014-2 and Fay Servicing, LLC respectfully pray the Court as follows:

1. That they have and recover of the Defendant damages in excess of Seventy Five Thousand Dollars ($75,000.00);
2. That the costs of this action, including reasonable attorney's fees as provided by law, be taxed against the Defendant;
3. For a trial by jury on all issues; and
4. For such other and further relief as the Court may deem just and proper.

This the 15th day of March 2021.

/s/ Donald R. Pocock
Donald R. Pocock, NC Bar No. 29393
Attorneys for Plaintiffs
NELSON MULLINS RILEY & SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC  27103
Phone: 336.774.3324 / Fax: 336.774.3376
E-mail: donald.pocock@nelsonmullins.com