IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILMINGTON TRUST, NATIONAL ASSOCIATION, et al.,

          Plaintiffs,

        v.

NATIONAL GENERAL INSURANCE COMPANY, and INTEGON NATIONAL INS. CO.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

1:21cv207

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

    This is a dispute over insurance coverage for damage resulting from a fire at a residence located in Great Falls, Virginia. Before the court is the motion by Plaintiffs Wilmington Trust, National Association[1] ("Wilmington Trust"), and Fay Servicing, LCC ("Fay Servicing") to amend and join an additional party pursuant to Federal Rules of Civil Procedure 15 and 20. (Doc. 14.) Defendant National General Insurance Company ("National General") has responded, opposing the motion (Doc. 18), and Plaintiffs have replied (Doc. 19). For the reasons set forth below, Plaintiffs' motion to amend will be granted.

---

[1] Wilmington Trust brings this action solely as trustee for MFRA Trust 2014-2.

## I. BACKGROUND

The facts, as alleged in the amended complaint, show the following:

On March 18, 2008, Palwinder Singh obtained a mortgage with Bank of America, N.A. for the original principal amount of $842,080.00 by means of a promissory note ("Note"). (Doc. 14-1 ¶ 7.) As security for the Note, Singh conveyed a deed of trust for real property located at 817 Walker Road, Great Falls, Virginia ("Property"). (Id. ¶ 8.) The deed of trust required Singh to obtain property insurance "against loss by fire, hazards included within the term 'extended coverage,' and any other hazards including, but not limited to, earthquakes and floods" and required that all policies "shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee." (Id. ¶ 9.)

On November 29, 2017, the Note was assigned to Wilmington Trust. (Id. ¶ 10.) Fay Servicing is the servicer for the loan. (Id. ¶ 11.) In its capacity as loan servicer, Fay Servicing has the authority to take actions with regard to the debt owed by Singh, including making claims for insurance proceeds. (Id.)

On January 3, 2018, Singh obtained an insurance policy ("Policy") from National General and/or Integon National Insurance

Company ("Integon") -- a company affiliated with National General[2] -- insuring the Property against loss.[3] (Id. ¶ 18.) The Policy contains a mortgage clause which reads, in relevant part: "If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear."[4] (Doc. 7-1 at 34.) The Policy lists "Bank of America Fay Servicing" as the mortgagee. (Id. at 11.) The mortgage clause also states that the insurer can deny the insured's claim and "that denial will not apply to a valid claim of the mortgagee" if the mortgagee takes certain required actions. (Id. at 34.) The clause also contains sections requiring the insurer to notify the mortgagee if it decides to cancel or not renew the Policy. (Id. at 36.)

Fay Servicing and Wilmington Trust allege that they were intended third-party beneficiaries of the Policy. (Doc. 14-1 ¶ 19.) In servicing the loan, Fay Servicing managed an escrow account on behalf of Singh through which all premiums for the

---

[2] In its response, National General argues that it and Integon are separate companies and that Integon issued the Policy to Singh. (Doc. 18.) It appears that both companies operate under the brand name of "National General" or "National General Insurance." (See Doc. 7-2.) However, in their amended complaint, Plaintiffs allege it was National General and/or Integon that issued the Policy. (Doc 14-1.)

[3] The amended complaint does not mention the date Singh obtained the insurance policy, but both parties have previously stated it was January 3, 2018, which the court accepts for present purposes.

[4] Coverages A and B concern the "dwelling" and "other structures." The Policy also contained coverages for personal property, loss of use, and liability. (Doc. 7-1 at 10.)

3

Policy were timely and fully paid to National General. (Id. ¶¶ 20-21.)

On May 12, 2020, the Property was damaged by fire. (Id. ¶ 22.) Fay Servicing, in its role as loan servicer on behalf of Wilmington Trust, timely submitted an insurance claim for coverage to Defendants. (Id. ¶ 24.) National General failed to timely respond, and between June and December 2020 it failed to provide any response to the claim. (Id. ¶ 25.) Then, without prior warning, Defendants cancelled the Policy and refused to pay the claim. (Id. ¶ 26.) Defendants allegedly cancelled the Policy because of misrepresentations by Singh in connection with his application for the Policy. (Id. ¶ 33.) According to Plaintiffs, neither Wilmington Trust nor Fay Servicing assisted Singh in applying for the Policy or had any knowledge of any alleged misrepresentations. (Id. ¶ 34.)

On January 12, 2021, Integon filed a declaratory judgment action in Virginia state court seeking a declaration that the Policy is void ab initio due to Singh's misrepresentations, that Wilmington Trust did not comply with certain requirements in the Policy's mortgage clause, and that Integon accordingly does not owe coverage to either Singh or Wilmington Trust. (Doc. 7-3.) The original complaint named as defendants Singh and Bank of America. Integon subsequently amended the complaint to dismiss Bank of America and add Wilmington Trust as a defendant. (Docs.

4

7-1; 7-6.)

On March 15, 2021, Wilmington Trust and Fay Servicing filed a complaint in this court against National General. (Doc. 1.) In it, they allege breach of contract, negligence, and negligent misrepresentation based on National General's refusal to pay the insurance claim. On June 21, 2021, this court denied National General's motion to dismiss, or alternatively, to stay. (Doc. 10.) National General then filed its answer on July 6, 2021. (Doc. 11.)

On August 24, 2021, Wilmington Trust and Fay Servicing moved to amend the complaint to join Integon as a Defendant under Rule 20. (Doc. 14.) National General contends that the motion should be denied under Rule 15 because the amendment would be prejudicial, in bad faith, and futile, or alternatively, should be denied under Rule 20 for reasons stated in National General's opposition to Wilmington Trust and Fay Servicing's motion to amend. The motion is fully briefed and ready for decision.

## II. ANALYSIS

### A. Legal Standard

When considering whether to grant a motion to amend to join additional parties, the court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). "[S]atisfying

5

the joinder requirements is necessary to the court's subject matter jurisdiction under 28 U.S.C. § 1367(a)." Id. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While district courts have discretion to grant or deny a motion to amend, leave should be "freely given" absent "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

"When a proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the motion to amend should be denied." Joyner v. Abbott Labs, 674 F. Supp. 185, 190 (E.D.N.C. 1987). "To determine whether a proposed amended complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a claim." Amaya v. DGS Constr., LLC, 326 F.R.D. 439, 451 (D. Md. 2018) (citing Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011)). Thus, "[a] motion to amend a complaint is futile 'if the proposed claim would not survive a motion to dismiss.'" Pugh v. McDonald, 266 F. Supp. 3d 864, 866 (M.D.N.C.

6

2017) (quoting <u>James Madison Ltd. v. Ludwig</u>, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). A motion to dismiss under Rule 12(b)(6) is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-moving party's favor, <u>Ibarra v. United States</u>, 120 F.3d 472, 474 (4th Cir. 1997).

**B. Motion to Amend**

National General first argues the motion is prejudicial and in bad faith because Plaintiffs "appear to tacitly agree that Integon is the proper party," rather than National General, and that this amendment is an attempt to "avoid the abstention doctrine" because of the pending state court case. (Doc. 18 at 4.) The Fourth Circuit has explained that "[w]hether an amendment is prejudicial will often be determined by the nature of the

Case 1:21-cv-00207-TDS-JEP   Document 20   Filed 10/25/21   Page 7 of 11

amendment and its timing." <u>Laber v. Harvey</u>, 438 F.3d 404, 427
(4th Cir. 2006) (en banc).

> A common example of a prejudicial amendment is one that
> "raises a new legal theory that would require the
> gathering and analysis of facts not already considered
> by the [defendant, and] is offered shortly before or
> during trial." An amendment is not prejudicial, by
> contrast, if it merely adds an additional theory of
> recovery to the facts already pled and is offered before
> any discovery has occurred.

<u>Id.</u>

Plaintiffs' motion merely adds a defendant, and does not
assert a new legal theory or contend that Integon is the proper
party instead of National General. Furthermore, as this court
explained in its prior order, "[e]ven in situations in which the
parties are 'virtually identical,' suits may not be parallel if
'the issues raised and remedies sought are not' also identical."
(Doc. 10 at 24 (citing <u>New Beckley Min. Corp. v. Int'l Union,
United Mine Workers of Am.</u>, 946 F.2d 1072, 1074 (4th Cir. 1991)).[5]
Therefore, Plaintiffs' amendment is neither prejudicial nor
brought in bad faith to avoid the abstention doctrine.

Next, National General claims the amendment is futile because
Plaintiffs named the wrong party. As Plaintiffs note, this is the
same argument National General made previously in its unsuccessful

---

[5] <u>See</u> <u>id.</u> at 24-27 (explaining the differences between the Virginia state
action and the present case and reviewing the relevant factors as to
whether this court should abstain if the proceedings were indeed
parallel).

8

motion to dismiss.

Plaintiffs have stated a plausible claim for relief as to each count, accepting as true the allegations in the amended complaint. At the pleading stage, in determining the proper party the court is constrained in what it can consider without converting the motion to one for summary judgment. Because challenging this motion as futile "tests the sufficiency of [the] complaint," see Martin, 980 F.2 at 952, the court is "generally limited to a review of the allegations of the complaint itself." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016). Even though copies of the Policy are referenced, the court cannot say as a matter of law who issued the Policy, whether Integon and/or National General is the proper party, or whether National General should be dismissed. Therefore, Plaintiffs' motion to amend is not futile.

   **C.  Joinder**

Plaintiffs move to amend their complaint to join Integon as a Defendant. (Doc. 14 at 3.) National General argues that Plaintiffs' attempted permissive joinder should be denied under Rule 20.[6] (Doc. 18 at 5-6.)

---

[6] National General's arguments appear inconsistent. It first states it is "not arguing that the relief Plaintiffs are seeking from Integon arises out of some different transaction or occurrence that is the subject of the lawsuit or that the questions of law or fact Plaintiffs allege are different with the joinder of Integon," but in the next paragraph it asserts that "[t]he claims against National General do not arise out of the same transaction or occurrence as the claims against

9

Rule 20(a)(2) provides that a party may be joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." See Hinson, 239 F.3d at 618; Todd v. Cary's Lake Homeowners Ass'n, 315 F.R.D. 453, 456 (D.S.C. 2016). "The United States Supreme Court has articulated that 'the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" Todd, 315 F.R.D. at 456 (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)). Further, the Fourth Circuit has explained that "Rule 20 gives courts wide discretion concerning the permissive joinder of parties." Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n. 5 (4th Cir. 2007).

National General argues that Plaintiffs failed Rule 20's two-part test "because it was Integon, and not National General, that issued the relevant insurance policy." (Doc. 18 at 6.) However, as discussed above, it is unclear at this stage who issued the Policy and whether Integon and/or National General is the proper party. The amended complaint alleges that National General and/or

---

Integon and the questions of law and fact related to the claims against Integon are different from any questions as to National General." (Id.)

Integon participated in the same transaction or occurrence surrounding the Policy and obfuscated its responsibility for coverage. Additionally, the same principles of law for determining the proper party, and whether either Defendant is obligated to provide relief under the Policy, are common to both Defendants. Therefore, Plaintiffs' motion to amend the claims to join Integon satisfies Rule 20 and will be granted.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Plaintiffs' motion to amend (Doc. 14) is GRANTED.

/s/    Thomas D. Schroeder
United States District Judge

October 25, 2021